UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Gretchen Moehrle<br>             Plaintiff,<br>v.<br><br>NCO Financial Systems, Inc.,<br><br>NCO Financial Services, Inc.,<br><br>NCO Portfolio Management, Inc., and<br><br>John Does I-C, fictitious representations of individuals in their individual capacities and in their capacities as officers, directors, shareholders, founders, owners, agents, servants, employees, sales representatives, and/or independent contractors of NCO Group, Inc., NCO Financial Systems, Inc., NCO Financial Services, Inc., NCO Portfolio Management, Inc.<br><br>             Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA")

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff Grethen Moehrle (hereinafter "Moehrle") is a natural person who resides in the City of Allentown, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, NCO Group, Inc. is a business entity with its headquarters located at 570 Prudential Road, Horsham, Pennsylvania 19044.

6. Defendant, NCO Financial Systems, Inc. is a business entity with its headquarters located at 570 Prudential Road, Horsham, Pennsylvania 19044.

7. Defendant, NCO Financial Services, Inc, is a business entity with its headquarters located at 6700 Century Ave, Suite 210, Mississauga, Ontario, Canada, Postal code L5N6A4.

8. NCO Portfolio Management, Inc., is a business entity with its headquarters located at 1804 Washington Boulevard, Suite 200, Baltimore, Maryland 21230.

9. Defendants, NCO Group, Inc., NCO Financial Systems, Inc., NCO Financial Services, Inc. and NCO Portfolio Management are collectively referred hereinafter as "Corporate Defendants."

10. At all times relevant to this Complaint, Corporate Defendants transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Upon information or belief, Defendants, each and everyone of them, and at all relevant times material and relevant hereto, used, controlled and operated

"automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

12. At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

13. Defendants, John Does I – C (One through one hundred) (hereinafter "Does") are believed to be employees, servants, or agents employed by or acting on behalf of Corporate Defendants, and are natural; persons employed by Corporate Defendants as debt collectors and/or supervisors or managers of Debt collectors at all time relevant to this Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff Gretchen Moehrle allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt with GE Money Bank/JCPenney.

15. Moehrle allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

16. Upon information or belief, Moehrle's GE Money Bank/JCPenney account was placed, sold or otherwise transferred to NCO for collection in or around early April 2008.

17. Following placement of the GE Money Bank/JCPenney, NCO began contacting Plaintiff at her cellular telephone number[1] in an attempt to collect the debt.

18. Plaintiff's cellular telephone number was repeatedly, incessantly, and continuously called by Defendants throughout April and May 2008.

19. Defendants placed upwards of one hundred (100) calls to Plaintiff's cellular telephone over less than sixty (60) days.

20. Upon information or belief Defendants initiated the more than one hundred (100) calls to Plaintiff's cellular telephone by utilizing "automatic telephone dialing systems."

21. Although Defendants placed more than one hundred (100) calls to Plaintiff's cellular telephone, Defendants left less than five (5) messages for Plaintiff.

22. Plaintiff has never provided Defendant with consent, express or implied, authorizing Defendant to contact her cellular telephone by automatic telephone dialing systems.

23. To date, Defendants continue to make multiple and numerous telephone calls per day to Plaintiff's cellular telephone causing Plaintiff to incur out-of-pocket expenses and charges to her cellular telephone service plan.

## CAUSES OF ACTION

### COUNT I.

---

[1] Plaintiff's cellular telephone number is not listed in this complaint for privacy reasons but is available to Defendants upon request.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 c(a)(1), 1692d, 1692d(5), 1692e(11), 1692f, and 1692f(5) amongst others.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47

## U.S.C. § 227 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants knowingly, willingly and intentionally committed upon Plaintiff violations of the TCPA, 47 U.S.C. § 227,et seq. and 47 C.F.R 64.1200 et seq.

29. Defendants knowingly, willingly and intentionally placed calls using "automatic telephone dialing system" to Plaintiff's cellular telephone without prior express consent of Plaintiff.

30. As a result of Defendants violations of the TCPA, Plaintiff is entitled to $1500 per call based upon Defendants' willful and knowing violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;
- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C. 227 et seq.

- $1500 damages per call placed by Defendants in violation of the TCPA;
- Treble damages for willful and knowing violations of the TCPA; and
- for such other and further relief as may be just and proper.

## TRIAL BY JURY

31.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

Respectfully submitted,

Dated: August 6, 2008    **RAPA LAW OFFICE, P.C.**

By: _____s/Jason M. Rapa_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Gretchen Moehrle, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 8/12/08

Gretchen Moehrle